KELLER v. PAGAN.

1. TENANTS—EJECTMENT OF—LANDLORD—REMEDIES—JURISDICTION—REV. STAT. *1939* CONSTRUED—TENEMENTS.—ONE MAGISTRATE has jurisdiction to oust a tenant of *any* premises that may be leased. Tenements defined. The words, "of houses and tenements," in Rev. Stat. 1939, are interpolated after "tenants," on first line, without authority.

2. IBID.—LANDLORD—MAGISTRATE—REMEDIES—REV. STAT. 1937 AND 1939 CONSTRUED.—PROVISIONS of Rev. Stat. 1937, permitting landlord to maintain ejectment *vs.* tenant before two magistrates, without entry and demand on premises, do not forbid the construction that he may maintain such ejectment under Rev. Stat. 1939, before one magistrate, upon demand and refusal of possession without entry.

3. PLEADINGS—ANSWER—COMPLAINT.—An allegation in a complaint not denied by answer, must be accepted as a fact in the case.

4. APPEAL—MAGISTRATE—CIRCUIT COURT.—Question not raised by exception to magistrate judgment cannot be considered by Circuit Court.

5. LANDLORD—TENANT—EJECTMENT OF—REMEDIES.—May landlord maintain ejectment *vs.* tenant, under Rev. Stat. 1939, upon demand and refusal of possession, without an entry on the premises and demand there?

6. JURISDICTION.—Deficiencies in allegations and proof do not present questions of jurisdiction.

7. APPEAL—MAGISTRATE—TENANT—EJECTMENT OF.—Is there an appeal from judgment of magistrate in ejecting tenant under Rev. Stat. 1939?

Before TOWNSEND, J., Fairfield, June, 1898.   Reversed.

Proceedings by S. Fannie Keller *v.* I. F. Pagan, to eject tenant holding over.   From judgment of Circuit Court, reversing magistrate's judgment, plaintiff appeals.

*Messrs. Ragsdale & Ragsdale,* for appellant, cite: *Magistrate had jurisdiction:* 26 S. C., 212; 48 S. C., 183; 22 Stat., 791; 4 Strob., 52.   *Failure to deny in answer allegation in complaint admits it.   Answer is necessary in magistrate court:* Code, 88; 15 S. C., 460.   *Defendant having stated that he would retain possession, formal demand therefor was not necessary:* 27 Mass., 262; 20 Mass., 262; Douglass, 684; 105 N. C., 344.

*Mr. J. E. McDonald,* contra, cites: *The summons brings the proceeding under sec.* 1937 *and not under* 1939, *and the remedy must be strictly pursued:* 1 S. C., 259; 26 S. C., 211; 24 S. C., 507; 48 S. C., 183.   *Jurisdictional facts must appear on face of notice:* 26 S. C., 212; 48 S. C., 183.   *Jurisdiction was not conferred by act of 1898, because it had not gone into effect:* Rev. Stat., 36.

Feb. 25, 1899.   The opinion of the Court was delivered by MR. CHIEF JUSTICE McIVER.   This was a proceeding in-

stituted before a magistrate to eject defendant from certain premises alleged to have been leased by plaintiff to defendant for the year 1897, upon the ground that defendant held over unlawfully after the expiration of his lease. A formal summons, or notice to show cause, bearing date 10th of March, 1898, was issued by the magistrate and duly served upon the defendant, on the 11th of March, 1898, requiring him to show cause, on the 14th of March, 1898, "why he should not be dispossessed of said premises." To this summons or notice was annexed a formal complaint, duly verified by plaintiff, in which it was alleged that the plaintiff had leased to defendant for the year 1897, a certain tract of land, particularly described in the complaint; that said lease expired on the 31st of December, 1897; that said defendant has since been and now is in unlawful possession of the said premises; and "that the plaintiff has demanded possession of the said premises, which has been refused by the said I. F. Pagan." The "Case" does not show that the defendant made any answer, either orally or in writing, to this complaint, but it does show that, on the day appointed, the defendant appeared and was examined as a witness in his own behalf. In his testimony he does not deny that plaintiff had demanded possession, nor does he deny that he refused to comply with such demand. His defense seemed to be a claim that he had rented the premises in question from the son and agent of the plaintiff, for the year 1898, but this was denied by the plaintiff and her son in their testimony. The magistrate rendered judgment as follows: "That the defendant is wrongfully holding possession of plaintiff's premises, described in her complaint, after the expiration of his lease, and judgment is accordingly given in favor of the plaintiff for the possession of said premises." From this judgment defendant appealed upon the several grounds set out in the "Case," and this appeal was heard by his Honor, Judge Townsend, who rendered judgment sustaining the appeal and dismissing the proceeding. From his judgment plaintiff appeals upon the several grounds set out in the record,

17—54

which we do not deem it necessary to set forth here, specifically.

The Circuit Judge bases his judgment upon two grounds: 1st. Because "it does not appear from the testimony that the plaintiff ever went upon the premises and demanded possession from the defendant; nor does it appear from the testimony that the defendant refused or resisted such demand for possession; and these being prerequisites to the right to invoke the summary and stringent provisions of the statute, the appeal would have to be sustained upon that ground." 2d. Because a single magistrate has no jurisdiction under the statute to eject a tenant holding over after the expiration of his lease of *"lands and tenements,"* as jurisdiction in such a case is, by section 1937, of Rev. Stat. of 1893, vested in two magistrates; and a single magistrate is, by sec. 1939, only invested with jurisdiction to eject a tenant of *"houses and tenements"* holding over after the expiration of his lease. And "as plaintiff has elected to treat the defendant as a tenant in possession of *lands and tenements,* I hold that the magistrate did not have jurisdiction in this proceeding."

We will first consider the question of jurisdiction. It will be observed that the view taken by the Circuit Judge, as to the matter of jurisdiction, is based upon the different phraseology used in the two sections of the Rev. Stat. of 1893, above referred to—the one, 1937, investing *two* magistrates with jurisdiction to eject a tenant of "land and tenements," while the other—1939—invests a single magistrate with jurisdiction *only* in a case of a tenant of "houses and tenements." But an examination of the statutes from which the Rev. Stat. of 1893 were compiled, show no such difference of phraseology as that relied upon. Sec. 1937 of Rev. Stat. purports to be taken from sec. 1817 of the Gen. Stat. of 1882, and follows the phraseology of the section from which it was taken; but sec. 1939 of the Rev. Stat. of 1893, which purports to be taken from sec. 1819, of the Gen. Stat. of 1882, does not follow the language of the section from which it is taken. In sec. 1819

of the Gen. Stat. the language is: "In all cases where tenants hold over after the expiration of their leases or contracts for rents, whether the same be in writing or by parol, or shall fail to pay the rent when it shall become due, the landlord is hereby authorized and empowered, either in person or by agent, to enter upon the premises and claim possession; and in case of refusal or resistance, it shall be lawful for the person so letting said premises, houses or tenements, his agent or attorney, to apply to *a* trial justice, whose duty it shall be to have a notice served upon the person or persons so refusing to be dispossessed, to show cause before him, if any he can, within three days from the date of said personal service of such notice, why he should not be dispossessed; and if he fails to show sufficient cause, it shall be the duty of *the* trial justice forthwith to issue his warrant, directed to the sheriff of the county, or any constable thereof, requiring him, without delay, to dispossess said person or persons from the premises so let, and authorizing him to use such force as may be necessary." But in section 1939 of the Rev. Stat. the language is: "In all cases where any tenant *of houses and tenements* holds over after expiration of his lease or contract for rent, whether the same be in writing or by parol," &c.—proceeding, substantially, in the same language as is copied above from sec. 1819 of the Gen. Stat It will thus be seen that the words which we have italicized in the quotation immediately preceding—the very words upon which the Circuit Judge bases his conclusion—are not found in the section of the Gen. Stat. from which sec. 1939 of the Rev. Stat. purports to be taken, nor are they to be found in the original act of 1878, 16 Stat., 635, which was carried into the Gen. Stat. of 1882 as sec. 1819, but seem to have been injected into sec. 1939 of the Rev. Stat. of 1893, without authority, so far as we can perceive. It is true, that both in sec. 1819 of the Gen. Stat. and the original act of 1878, the words "houses and tenements" are found lower down in the section, where we find the following language: "It shall be lawful for the person so letting *said premises,*

houses *or* tenements, his agent or attorney, to apply to *a* trial justice," &c., which show that the person who may be thus ejected need not necessarily be a tenant "of houses and tenements," but may be a tenant of any other premises. The point is, that the words "houses and tenements" are not to be found either in that portion of the original act of 1878 or in that portion of sec. 1819 of Gen. Stat. intended to designate the class of tenants who may be thus ejected. In sec. 1939 of the Rev. Stat. the unauthorized injection of the words "of houses and tenements," would seem to imply that the remedy therein provided could only be applied where the person sought to be ejected was a tenant "of houses and tenements," whereas both by the original act of 1878 and by sec. 1819 of Gen. Stat., the remedy may be applied in the case of a tenant of *any* premises, holding over after the expiration of his lease; for the language there found is: "In all cases where *tenants* hold over after the expiration of their leases," &c.—*not* tenants of any particular kind of property, but tenants of *any* premises that may be leased. Now, when it is remembered that the Rev. Stat. of 1893 cannot be regarded as having the force of law, by reason of the fact that they were never passed in the mode prescribed by the Constitution *(Armstrong* vs. *Brant,* 44 S. C., at page 181), it is very obvious that there is no foundation for the distinction which the Circuit Judge draws between the two sections of the Rev. Stat.—1937 and 1939—and upon which he bases his conclusion that a single magistrate could not take jurisdiction of this case; for, in this respect, there is no such difference in the phraseology of the two sections of the Gen. Stat. of 1882—1817 and 1819—which do have the force of law, as that upon which the Circuit Judge relies. Indeed, it is always safer, when the Court is called upon to construe any statutory legislation, to look to the language used in the statute, which does have the force of law, rather than to the language used by the compiler in his version. But besides the view just presented, even if it could be assumed that the statute must be construed as if it contained

the words relied upon by the Circuit Judge—"houses and tenements"—we do not think the view taken by him could be sustained, for the word "tenements" is a well known technical term, the signification of which is well defined. As said by Blackstone in his Commentaries, 2 vol., 15: "In its original, proper and legal sense, it signifies every thing that may be holden, provided it be of a permanent nature." I⁺s significance is broader than the term "lands," as it includes not only lands but every thing else of a permanent natu⁻e that may be holden; and if a single magistrate, under the section as it reads in the Rev. Stat., would have jurisdiction to eject a tenant of *a house* after the expiration of his lease, who refuses to surrender possession, we see no reason why, under the word "tenements," he would not have jurisdiction to eject a tenant from lands. Otherwise, this anomalous result would follow: If a landowner leases a farm, upon which there is a dwelling house in which the tenant resides, as the testimony shows was the fact in this very case, if such tenant holds over after the expiration of his lease, while a single magistrate would have jurisdiction to eject him from the *house,* he would not have jurisdiction to eject him from the *land.* A construction leading to such an anomalous result cannot be adopted, especially where the language is broad enough to warrant another and more reasonable construction.

It is argued by counsel for appellant that, inasmuch as the two sections of the Rev. Stat.—1937 and 1939—are so very much alike, except that in the one jurisdiction is given to *two* magistrates, while in the other jurisdiction is conferred upon a single magistrate, the reasonable conclusion is that the remedies provided for in the respective sections were intended to be applied to different classes of cases. But in the first place there are at least two other radical differences in the two sections. In the one—sec. 1937— no previous demand for possession is required, while in the other—sec. 1939—the landlord must first, "either in person or by agent, * * * enter upon the premises and

claim possession," and it is only "in case of refusal or resist-
ance," that the landlord may apply to a single magistrate for
relief.   Again, in sec. 1937, provision is made for a trial by
jury, while in sec. 1939, no such provision is made.   But be
that as it may, we find both of these acts upon the statute
book, and we do not see by what authority the Court can
deny the landlord relief under either, provided he makes a
case sufficient to authorize the relief demanded.   The his-
tory of the legislation upon this subject shows that there has
been a continual advance in the law, always in the direction
of affording the landlord more prompt and summary relief.
At common law, the only legal remedy which a landlord had
in case his tenant held over after the expiration of his lease,
was by an action of ejectment, which was so cumbrous, ex-
pensive and tardy, that it became necessary to provide other
more summary remedies.   Accordingly, we find that several
statutes have been enacted in this State for the purpose in-
dicated; the last being the act of 1878, 16 Stat., 635, which
was re-enacted in the Gen. Stat. of 1882 as sec. 1819.   The
fact that a landlord may, without demanding possession,
apply to two magistrates to have his tenant, who holds over
after the expiration of his lease, ejected under the provisions
of sec. 1817 of the Gen. Stat. 1882, now incorporated in the
Rev. Stat. as sec. 1937, does not forbid the idea that a land-
lord may, after demand and refusal of possession by the ten-
ant, apply to a single magistrate for a warrant to eject his
tenant, who holds over after the expiration of his lease, un-
der the provisions of sec. 1819 of the Gen. Stat. of 1882,
now incorporated in Rev. Stat. of 1893 as sec. 1939.   We
are of opinion, therefore, that there was error in holding
that the magistrate had no jurisdiction in this case.

The only remaining inquiry is, whether the first ground as
above stated, upon which the Circuit Judge held that the ap-
peal should be dismissed, can be sustained.   While it is true
that both sec. 1819 of the Gen. Stat. and sec. 1939 of the
Rev. Stat. do provide that in case a tenant holds over
after the expiration of his lease, "the landlord, either

in person or by agent, may enter upon the premises and claim possession; and in case of refusal or resistance, the landlord, his agent or attorney, may apply to a magistrate" for the relief provided for in that section; and while it is likewise true that there is no allegation in the complaint filed by plaintiff in this case and no testimony, that she, either in person or by her agent, *entered upon the leased premises and claimed possession,* nor was there any allegation of any resistance on the part of the defendant, yet it is also true that the plaintiff in her complaint does allege that she had demanded possession of the said premises, and that her demand was refused by the defendant; and this allegation is not denied by the defendant. by any answer, either written or oral, and must, therefore, be regarded as admitted. Besides, the defendant in his own testimony makes no such denial; but, on the contrary, rests his defense upon a fact found against him by the magistrate, which finding was not reversed by the Circuit Judge, to wit: that he had leased the premises in question for the year 1898. But in addition to this there was no exception to the judgment of the magistrate, based upon the ground that the plaintiff had failed either to allege or prove that *she had entered upon the leased premises* and claimed possession, or that the defendant had made any resistance to such claim; for the only exception as to this matter was that "the evidence failed to show that any demand for possession had been made," when, as we have seen, this was admitted by the failure to deny the allegation in the complaint that such demand had been made and refused. This question. therefore, was not properly before the Circuit Judge. But aside from this, while it may be true, that where, as in the case of *The State ex rel. Nesbitt* vs. *Marshall,* 24 S. C., 507, the tenant appeared in response to the summons or notice served upon him, and showed for cause why he should not be ejected, that the landlord had never *entered upon the leased premises and claimed possession,* it would be necessary to show that such entry had been made and pos-

session there claimed, and that proof of a demand for posses-
sion, *elsewhere* made, would not be sufficient to entitle the
landlord to the remedy provided in the section, though the
point was not *decided* in the case just cited, for reasons there
stated, nor has it been decided in any other case, so far as we
are informed. While we do not deem it necessary to decide
the point here, inasmuch as it was not properly before the
Circuit Court, we may say, in passing, that such a construc-
tion of the statute seems to us, as at present advised, rather
too technical, for it is difficult to conceive any reason why
a landlord should be required to *enter upon the leased prem-
ises* and *there* claim possession, and why a demand for pos-
session, without such entry, elsewhere made, should not be
sufficient. Such seems to be the view of the legislature, for
by the act of 1898, 22 Stat., 791, sec. 1819 of the Gen. Stat.
of 1882, incorporated in Rev. Stat. of 1893 as sec. 1939, has
been amended by striking out the words, "to enter upon the
premises and claim possession," and substituting the words,
"demand possession thereof from the tenant or person in pos-
session thereof," so that as the law now reads the landlord is
only required "to demand possession," and there is no re-
quirement that entry be made on the premises. But as this
act was approved on the 21st February, 1898, it could not
take effect or have the force of law until the twentieth day
after its approval by the governor, there being no other day
specifically mentioned in the statute when it should take
effect—sec. 33 of the Gen. Stat. of 1882. This act, there-
fore, did not take effect until the 13th of March, 1898, and
as the proceeding in this case was commenced on the 10th of
March, 1898, its provisions cannot be applied to the question
we have been considering, though it may apply to another
question which shall be presently stated. The only purpose
in referring to it now is to indicate that the legislature was
also of opinion that the requirements indicated by the words
stricken out was neither necessary nor proper. Counsel for
appellant has contended that the absence of allegation and
proof that the landlord had entered on the leased

premises and claimed possession, raises a jurisdictional question, which may be raised at any time by either party or by the Court of its own motion. We cannot accept that view. On the contrary, the question is as to the sufficiency of the allegations and proof and not as to the jurisdiction of the magistrate; for if, as we have seen, a single magistrate is invested with jurisdiction of a proceeding to eject a tenant who holds over after the expiration of his lease, deficiencies in the allegations or proof necessary to maintain such a proceeding do not present questions of jurisdiction.

There is another question which might have been raised in this case. Originally there was no right of appeal from the judgment of a trial justice (now magistrate) in a case of this kind; and hence, when error of law was imputed in his action, the remedy was a *writ of certiorari*, as in the case of *The State ex rel. Nesbitt* vs. *Marshall, supra.* But by the act of January, 1895—21 Stat., 822—sec. 1819 of Gen. Stat. of 1882, now incorporated in Rev. Stat. of 1893 as sec. 1939, was amended by adding a *proviso* at the end of the section, conferring upon either party to a proceeding under said section the right of appeal. But by the act of 1898, above referred to, said section was again amended in two particulars: first, by striking out the words hereinbefore referred to, and substituting other words there mentioned; second, by substituting the word "magistrate" for the word "trial justice," and proceeds in the following language: "So that said section when amended shall read as follows, to wit:" then follows the whole section, with the two amendments inserted at the proper places, *but omitting the proviso* added to the original section by the act of 5th January, 1895, above referred to. If, then, the section must be read, as the legislature has declared by the act of 1898 it shall read, then it would seem that there is now no right of appeal in a case of this kind, as the *proviso* conferring that right is not now contained in the section. For while it is true, as stated above, that the act of 1898 had not gone into

effect, and did not have the force of law *when this proceeding was commenced,* yet such act had gone into effect and did have the force of law *when the judgment was rendered,* and, of course, before the appeal was taken, as the judgment of the magistrate was rendered on the 14th of March, 1898, and the act took effect on the 13th of March, 1898. So that, if the omission of the *proviso* to the section conferring the right of appeal from the act of 1898, declaring how that section shall read, took away the right of appeal, then there was no law authorizing an appeal, when the appeal from the judgment of the magistrate was taken. This question, so far as we are informed, has never been determined by this Court. It was somewhat considered in *The State ex rel. Canady* v. *Black,* 34 S. C., 194, but was not *decided,* for the reasons stated in that case; nor do we propose to decide it now, as it has not been raised and has not been argued; and, besides, under the view which we take of the case, it is not necessary to this decision. It is only referred to now to avoid committing the Court, even by implication, upon a question which was not raised in the Court below nor in this Court, by a motion to dismiss the appeal upon the ground that the matter is not appealable, and which has not been argued.

The judgment of this Court is, that the judgment of the Circuit Court be reversed, and the judgment of the magistrate be affirmed; and the case is remanded to the magistrate, with instructions that he proceed to enforce his judgment according to law.